UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BONNIE VENT, d/b/a GENESIS CREATIONS,

                        Plaintiff,

- against -

MARS SNACKFOOD US, LLC (Formerly known as
MASTERFOODS USA, INC.) and MARS, INCORPORATED,

                        Defendants.
-----------------------------------------------------------------------X

**AMENDED COMPLAINT**

Civil Action No.
7:08-cv-02538-SCR

(ECF)

      Plaintiff, BONNIE VENT, d/b/a GENESIS CREATIONS, complaining of the Defendants, MARS SNACKFOOD US, LLC (formerly known as MASTERFOODS USA, INC.) and MARS INCORPORATED, by and through her attorneys, Kevin T. Mulhearn, P.C., hereby alleges that:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (a), as the amount in controversy in this action exceeds $75,000.00, and the dispute is between citizens of different states.

2.    Venue is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391(a)(2), as Defendants are corporations which do business, and at all material times have done business, within this judicial district, and at all material times have been subject to personal jurisdiction within this judicial district. Moreover, a substantial part of the facts and events which comprise Plaintiff's claims occurred and arose within this judicial district

## PARTIES

3. Plaintiff, BONNIE VENT ("VENT"), resides, and at all material times has resided, at 1815 Via Capri, Chula Vista, California 91913.

4. At all material times, Plaintiff has conducted business as a freelance entertainment broker, representing and promoting various individuals – on a project-by-project basis – in the entertainment industry, particularly numerous actors from classic television programs, under the trade name of GENESIS CREATIONS ("GENESIS").

5. At all material times, Plaintiff has represented a number of actors who starred in the 1960s television program "The Addams Family," including Lisa Loring (Wednesday), Ken Weatherwax (Pugsley) and Felix Silla (Cousin Itt).

6. Defendant, MARS, INCORPORATED ("MARS"), is a corporation, upon information and belief, which is incorporated under the laws of the State of Virginia, and maintains its principal place of business at 6885 Elm Street, McLean, Virginia 22101.

7. Defendant, MARS SNACKFOOD US, LLC ("MARS SNACKFOOD"), formerly known as MASTERFOODS USA, INC. ("MASTERFOODS"), is, upon information and belief, a limited liability company formed in the State of New Jersey, and a wholly owned affiliate, subsidiary or division of Defendant MARS.

8. Upon information and belief, Defendant, MARS SNACKFOOD maintains its principal place of business at 800 High Street, Hackettstown, New Jersey 07840, and, upon information and belief, until 2008, was known as MASTERFOODS. (Throughout this Complaint, therefore, the terms MARS SNACKFOOD and MASTERFOODS shall be interchangeable and refer to the same business entity).

9. Defendant MARS SNACKFOOD manufactures and markets various food products, including the world-famous multi-colored chocolate candies known as M&M's.

## COUNT ONE:
## BREACH OF IMPLIED-IN-FACT CONTRACT

10. In or about August, 2006, Plaintiff was preparing to help launch the release of the Addams Family DVD Volume 1 ("DVD promotion").

11. In October, 2006, Twentieth Century Fox Home Entertainment, LLC released said DVD promotion.

12. Prior to and during said release, Plaintiff worked with Lisa Loring, Ken Weatherwax and Felix Silla, who provided production and publicity services to Twentieth Century Fox Home Entertainment, LLC in an effort to maximize the DVD's sales.

13. The Addams Family characters were created by Charles Addams and first appeared in the New Yorker Magazine in or about 1937.

14. All licensing and ownership rights to said characters (except Cousin Itt who was created for the 2nd season of the television show) are currently owned by the Tee and Charles Addams Foundation, which, upon information and belief, is located in the State of New York.

15. The Addams Family television program aired on ABC in 1964 and 1965. The television characters are currently owned by MGM (which maintains it principal place of business in California).

16. Plaintiff, prior to August, 2006, had previously pitched a marketing idea to Claire O'Donnell, a Senior Media Buyer of Defendant MASTERFOODS.

17. On August 1, 2006, Plaintiff's Addams Family clients executed production and publicity service contracts with Twentieth Century Fox Home Entertainment, LLC.

18. Shortly thereafter, in August, 2006, Plaintiff, while in California, contacted Claire O'Donnell, Senior Marketing Buyer of Defendant MASTERFOODS, via a telephone call forwarded to MASTERFOODS' New Jersey office, and submitted and pitched a specific, novel, and concrete idea for a cross-promotion between

      Addams Family characters and M&M's candies for Halloween. The idea conveyed by Plaintiff to Ms. O'Donnell specifically mentioned the use of animated M&M's characters with Addams Family characters for a cross-promotion of the two products (M&M's candies and Addams Family DVD).

19. Plaintiff also conveyed to Ms. O'Donnell that she would offer her Addams Family clients – Lisa Loring (Wednesday), Ken Weatherwax (Pugsley) and Felix Silla (Cousin Itt) – to help with this cross-promotion between Addams Family characters and M&M's animated candy characters.

20. During her pitch, Plaintiff conveyed to Ms. O'Donnell the pending plans to distribute a DVD of the original Addams Family series as well as the release date (i.e., October 2006).

21. Defendant MARS currently and has in the past promoted its M&M's products with movie releases and DVDs. Currently the Indiana Jones movie is being promoted with their new mint M&M's and Shrek was used before the Addams Family Ads which introduced their new dark chocolate. The last activities on the Addams Family franchise were a movie in 1998: Addams Family Reunion, and the New Addams Family television show (1998-99). This information provided by Plaintiff to Defendants during her pitch regarding the pending release of said Addams Family DVD (in October, 2006) allowed Defendants to derive benefit from a national publicity tour to promote the DVD release. Had it not been for the pitch from Plaintiff to Ms. O'Donnell, Defendants would not have been aware of the DVD and the then current activity on the Addams Family franchise.

22. Plaintiff's aforesaid idea to do a cross-promotion with Addams Family characters and M&M's animated candy characters was novel and concrete, both in general and to Defendants (i.e., was novel to Defendants), in that:

      (1) The idea was not in use in the entertainment or advertising industries at the time Plaintiff submitted her idea; (2) Defendants had never already used said idea at the time Plaintiff submitted her idea; (3) Plaintiff's aforesaid idea showed genuine novelty and invention, and was not merely

a clever or useful adaptation of existing knowledge; (4) the idea was definite and well-developed (i.e., the specific use of M&M's animated characters with Addams Family characters); and (5) Plaintiff had taken existing material from common sources and combined and arranged them into a new form, and gave them a unique application in a different manner and for a different purpose than what previously existed.

23. At the time Plaintiff submitted and pitched her idea to Claire O'Donnell, and at all material times, Ms. O'Donnell was acting within the scope of her duties and responsibilities as an employee and/or agent of Defendants MASTERFOODS and MARS.

24. At the time Plaintiff pitched her idea to Claire O'Donnell, as an employee and/or agent of Defendants MASTERFOODS and MARS, a confidential or fiduciary relationship existed between the parties, because the parties did not deal on equal terms, and, indeed, Plaintiff trusted and relied on Ms. O'Donnell, and Defendants, to protect her interests with respect to her aforesaid marketing idea. Plaintiff, moreover, presented her idea to Defendants in confidence.

25. Plaintiff, at the time she submitted and pitched her idea to Ms. O'Donnell, was not represented by counsel or any third party with respect to her idea. Defendants owed Plaintiff fiduciary duties, derived from the aforesaid fiduciary or confidential relationship, to act in good faith to protect Plaintiff's interests.

26. At the time Plaintiff submitted and pitched her idea to Ms. O'Donnell, industry custom – for both the entertainment and marketing industries – regarding the submission and use of ideas, was that when a party makes a submission for the use of an idea in advertising to a manufacturer, and the manufacturer actually uses the idea, the manufacturer is required to fairly and reasonably compensate the party which submitted the idea.

27. In or about August, 2006, Ms. O'Donnell conveyed to Plaintiff that Defendants MASTERFOODS and MARS had declined to use her idea for a cross-promotion between Addams Family characters and M&M's candies. After Plaintiff viewed

the Addams Family/M&M's commercials on television in or about April, 2007, however, she telephoned Claire O'Donnell. Ms. O'Donnell then told Plaintiff that she had liked the idea and pitched it to her management, but had no idea where it went from there.

28. At no time, did Defendants pay Plaintiff any remuneration or compensation for Plaintiff's aforesaid idea.

29. In or about April, 2007, however, upon information and belief, Defendants produced, or caused to be produced, several advertisements which used and adopted Plaintiff's aforesaid idea to cross-promote Addams Family characters with M&M's candies (in particular, M&M's animated characters).

30. Specifically, said advertisements featured M&M's chocolate candy animated characters transmogrified to resemble the cast of the classic televison program, The Addams Family, and featured the famous Addams Family theme song, complete with finger snaps. These commercials used Plaintiff's idea, as conveyed to Defendants, to promote M&M's candies by using Addams Family characters and M&M's animated candy characters.

31. Upon information and belief, said Addams Family/M&M's ads were produced by the advertising agency BBDO/New York in New York City, and were thus filmed and created in New York State.

32. Upon information and belief, said Addams Family/M&M's ads required Defendants to contract with Vic Mizzy for the use of the Addams Family theme song in the ads. Vic Mizzy created and owns the rights to the theme song of the original Addams Family television program (1964-1965). Vic Mizzy resides in Los Angeles, California.

33. Upon information and belief, moreover, Defendants paid licensing fees to the Tee and Charles Addams Foundation, within New York State, for the use of the Addams Family characters and theme song.

34. Upon information and belief, said Addams Family/M&M's cross-promotional advertisements were shown on television throughout the United States, including

within New York State and in California.

35. At the time Plaintiff submitted and pitched her aforesaid idea to Ms. O'Donnell, Ms. O'Donnell, as well as each of the Defendants, knew or should have known, that Plaintiff was not interested in submitting her idea unless she would be compensated if Defendants used her idea.

36. At the time Plaintiff submitted and pitched her aforesaid idea to Ms. O'Donnell, Plaintiff would not have submitted her idea unless she believed that she would receive fair and reasonable compensation if Defendants used her idea.

37. At the time Plaintiff submitted and pitched her aforesaid idea to Ms. O'Donnell, Plaintiff in fact believed – due to industry customs and usage and/or otherwise – that Defendants would fairly and reasonably compensate her if they used her idea.

38. At the time Plaintiff submitted her aforesaid idea to Ms. O'Donnell, Ms. O'Donnell and Defendants could have refused to accept Plaintiff's submission – but chose, instead, to accept it.

39. Defendants, by and through their employee and agent, Ms. O'Donnell, thus implicitly promised to pay Plaintiff if they used her aforesaid idea and thus created an implied-in-fact contract between Defendants and Plaintiff.

40. At all material times, Plaintiff, in her capacity as freelance entertainment broker, has negotiated and executed numerous contracts for herself and her clients with respect to the entertainment and advertising markets.

41. For all such contracts executed by Plaintiff, on behalf of herself or her clients, Plaintiff insists upon a choice of law clause, which reads in pertinent part as follows:

> *Governing Law: This Agreement shall be governed in all respects by the law of the State of California.*

42. In the event Defendants had reached agreement with Plaintiff as to essential expressed contract terms such as duration and price, Plaintiff would have insisted that Defendants agree to her aforesaid choice of law contract clause which designates California law as the appropriate law to be used in the event of a

        contractual dispute.

43.    The State of California, likewise, had the most significant relationship to the transaction at issue and the parties to this litigation.

44.    The place of performance of this contract would have been the State of California.

45.    Plaintiff, indeed, would have signed a written contract memorializing the specific terms of her agreement with Defendants only after Defendants had executed a contract and forwarded same to her for her counter-execution. (This was and is Plaintiff's standard practice and custom in connection with the execution of contracts). The place where the last act necessary to give the contract binding effect – the full execution and delivery of the contract – would thus have been in California, and the place of contracting would have been in California.

46.    Defendants, as stated above, did in fact use Plaintiff's aforesaid idea in an extensive and widely circulated advertising campaign for M&M's candies.

47.    Defendants, as stated above, failed and refused to pay Plaintiff any monies for their use of her aforesaid idea.

48.    Defendants, by such acts and omissions, breached the aforesaid implied-in-fact contract between Defendants and Plaintiff, without excuse or justification.

49.    Defendants, by such acts and omissions, also violated their fiduciary obligations owed to Plaintiff by reason of the aforesaid fiduciary or confidential relationship between the parties.

50.    As a direct and proximate result of Defendants' aforesaid breach of implied-in-fact contract, Plaintiff has been damaged in a sum not less than $5 million.

## COUNT TWO:

## UNJUST ENRICHMENT/ MISAPPROPRIATION OF IDEA

51. Plaintiff repeats and re-alleges paragraphs "1" through "50" herein, as if each has been fully set forth at length.

52. By reason of the aforesaid, Plaintiff, in good faith, provided substantial services to Defendants.

53. By reason of the aforesaid, Defendants, by permitting Plaintiff to submit and pitch her idea for a cross-promotion between Addams Family characters and M&M's animated candy characters, accepted the aforesaid services rendered by Plaintiff.

54. As stated above, Plaintiff had, at all material times, a reasonable and actual expectation of being compensated fairly for her aforesaid services.

55. By reason of the aforesaid, Defendants benefitted substantially from the receipt of said services rendered by Plaintiff and improperly and illegally misappropriated the aforesaid idea developed by Plaintiff and conveyed by Plaintiff to Defendants.

56. As stated above, the idea submitted by Plaintiff to Defendants was novel and concrete, both in general and to Defendants.

57. The aforesaid idea submitted by Plaintiff to Defendants was made by Plaintiff to Defendants in confidence, pursuant to the aforesaid confidential and fiduciary relationship that existed between Plaintiff and Defendants.

58. As stated above, moreover, Plaintiff's idea at issue was adopted and made use of by Defendants, which marketed goods (M & M's candies) that embodied the novel idea (a joint marketing promotion between M&M's animated candy characters and Addams Family characters).

59. Indeed, upon information and belief, the advertisements at issue were nominated for several major national advertising awards.

60. Upon information and belief, the advertisements which used Plaintiff's idea for a cross-promotion between Addams Family characters and M&M's animated candy characters were extremely well-received in the targeted sales markets, and

      generated millions of dollars in sales and revenue for Defendants.

61.    Under principles of equity and good conscience, therefore, Defendants should be required to pay Plaintiff for the services provided to them by Plaintiff compensatory damages in a sum not less than $5 million.

WHEREFORE, based on the aforesaid, Plaintiff respectfully prays for an Order and Judgment against the Defendants, jointly and severally, as follows:

    (1). For Count One (Breach of Implied-in-Fact Contract), that Defendants be ordered to pay Plaintiff compensatory damages in a sum not less than $5 million;

    (2). For Count Two (Unjust Enrichment/Misappropriation of Idea), that Defendants be ordered to pay Plaintiff compensatory damages in a sum not less than $5 million;

    (3). That Defendants pay Plaintiff the costs and disbursements of this action, as well as reasonable attorneys' fees; and

    (4) That this Honorable Court grant Plaintiff any other, different or further relief as to this Court may seem just, proper or necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 16, 2008
      Orangeburg, New York

Respectfully submitted,

KEVIN T. MULHEARN, P.C.

By: Kevin T. Mulhearn, Esq. (KM 2301)
*Attorneys for Plaintiff*
60 Dutch Hill Road, Suite 8
Orangeburg, New York 10962
Phone: (845) 398-0361
Fax: (845) 398-3836
Email: Kmulhearn@ktmlaw.net

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BONIE VENT, d/b/a GENESIS CREATIONS,

                                   Plaintiff,                     **AFFIDAVIT OF SERVICE**

    - against -                                      Civil Action No.
                                                                        7:08-cv-02538-SCR

MARS SNACKFOOD US, LLC (Formerly known as
MASTERFOODS USA, INC.) and MARS, INCORPORATED,

                                   Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK:
                         SS:
COUNTY OF ROCKLAND:

THERESE C. ARTRIP, being duly sworn, deposes and says that:

      I am not a part to this action, am over the age of 18 years, and reside in Cornwall-on-Hudson, New York.
      On May 16, 2008, I served a true and accurate copy of the enclosed Amended Complaint, via Express Mail to the following person at the following address:

Kenneth J. Brown, Esq.
Williams & Connolly LLP
*Attorneys for Defendants*
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

                                                                          THERESE C. ARTRIP

Sworn to before me on this
16th Day of May, 2008.

NOTARY PUBLIC

KEVIN T. MULHEARN
Notary Public, State of New York
No. 02MU5047687
Qualified in Rockland County
Commission Expires August 7, 19__

*Docket No. 7:08-cv-02538-SCR*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

BONNIE VENT, d/b/a GENESIS CREATIONS,

Plaintiff,

- against -

MARS SNACKFOOD US, LLC (Formerly known as
MASTERFOODS USA, INC.) and MARS, INCORPORATED,

Defendants.

---

*Kevin T. Mulhearn, P.C.*
*60 Dutch Hill Road, Suite 8*
*Orangeburg, New York 10962*
*Phone: (845) 398-0361*
*FAX: (845) 398-3836*

---

### *AMENDED COMPLAINT*

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: May 16, 2008*          Signature.................................................

                               Print Signer's Name:   KEVIN T. MULHEARN

---

C:\Wpdata\Vent, Bonnie\Amended Complaint back.wpd