UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BONNIE VENT, d/b/a GENESIS CREATIONS,    )
                                         )
                    Plaintiff,   ) Civil Action No. 7:08-cv-02538-SCR
                                         )
            v.                        ) (ECF)
                                         )
MARS SNACKFOOD US, LLC, and              ) ORAL ARGUMENT REQUESTED
MARS, INCORPORATED,                      )
                                         )
                    Defendants.  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# REPLY IN SUPPORT OF DEFENDANTS' MOTION
# TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

                                               Respectfully submitted,

                                               WILLIAMS & CONNOLLY LLP

                                               _____/s/_____
                                               Katherine G. Lindsey (KL-0902)
                                               R. Hackney Wiegmann
                                               Kenneth J. Brown

                                               725 Twelfth Street, N.W.
                                               Washington, D.C. 20005
                                               (202) 434-5000
                                               (202) 434-5029 (facsimile)

                                               *Attorneys for Defendants*

Dated: July 2, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   PLAINTIFF'S OPPOSITION IS UNTIMELY. ................................................................ 1

II.  PLAINTIFF FAILS TO STATE A CLAIM FOR "UNJUST ENRICHMENT/
     MISAPPROPRIATION OF IDEAS." ............................................................................... 2

     A.   Plaintiff's Alleged Idea Lacks Novelty as a Matter of Law. ................................. 2

     B.   Plaintiff Cannot Show a Confidential Submission or a Fiduciary
          Relationship Between the Parties. .......................................................................... 6

     C.   Mars Did Not Use Plaintiff's Alleged Idea. ........................................................... 9

     D.   Plaintiff Cannot Show Mars's Retention of Any Benefit Would Be
          "Unjust." ............................................................................................................... 10

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*AEB & Assocs. Design Group, Inc. v. Tonka Corp.*, 853 F. Supp. 724 (S.D.N.Y. 1994) ..............3

*Alexander v. CIGNA Corp.*, 991 F. Supp. 427 (D.N.J. 1998)..........................................................9

*Baer v. Chase*, 392 F.3d 609 (3d Cir. 2004) ...................................................................................3

*Baut v. Pethick Constr. Co.*, 262 F. Supp. 350 (M.D. Pa. 1966) ....................................................3

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................................1, 4, 7

*Bergin v. Century 21 Real Estate Corp.*, No. 98 Civ. 8075(JGK), 2000 WL 223833
    (S.D.N.Y. Feb. 25, 2000)..................................................................................................3, 4

*Berrian v. Pataki*, 510 F. Supp. 2d 348 (S.D.N.Y. 2007)...........................................................4, 7

*Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802 (D.N.J. 2000) ..............................2, 5, 7

*Duffy v. Charles Schwab & Co.*, No. CIV.A. 98-4595(MLC), 2001 WL 1104689
    (D.N.J. Sept. 4, 2001) ...........................................................................................................6

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) ....................................................5

*Hogan v. DC Comics*, No. 96-CV-1749, 1997 WL 570871 (N.D.N.Y. Sept. 9, 1997)...............7, 9

*In re Elsinore Shore Assocs.*, 102 B.R. 958 (Bankr. D.N.J. 1989) .................................................3

*In re Johns Manville Corp.*, 476 F.3d 118 (2d Cir. 2007) ..............................................................2

*In re Mayo*, No. 04-11106, 2007 WL 186534 (Bankr. D. Vt. Jan. 19, 2007)..................................2

*Khreativity Unlimited v. Mattel, Inc.*, 101 F. Supp. 2d 177 (S.D.N.Y. 2000) .............................3, 4

*Kmart Corp. v. Simmons*, 381 F.3d 709 (7th Cir. 2004)..................................................................2

*Markogianis v. Burger King Corp.*, No. 95 CIV. 4627(JFK), 1997 WL 167113
    (S.D.N.Y. Apr. 8, 1997).........................................................................................................7

*McGhan v. Ebersol*, 608 F. Supp. 277 (S.D.N.Y. 1985) ................................................................9

*Nadel v. Play by Play Toys & Novelties, Inc.*, 208 F.3d 368 (2d Cir. 2000) ..................................2

*Riese v. QVC, Inc.*, No. CIV.A. 97-40068, 1999 WL 178545 (E.D. Pa. Mar. 30, 1999) ................6

*Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ...................2

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003)..................................................2

*Trans World Techs., Inc. v. Raytheon Co.*, No. 06-5012 (RMB), 2007 WL 3243941
    (D.N.J. Nov. 1, 2007)...........................................................................................................7, 9

*Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*,
    406 F. Supp. 2d 175 (D. Conn. 2005)..........................................................................5, 6, 8, 9

*Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001) .......................................................5

*Zikakis v. Staubach Retail Servs., Inc.*, No. 04-Civ.-9609(NRB), 2005 WL 2347852
    (S.D.N.Y. Sept. 26, 2005)......................................................................................................2, 3

## STATE CASES

*Busker on The Roof Ltd. P'ship Co. v. Warrington*, 283 A.D.2d 376
    (N.Y.A.D. 1st Dep't 2001)..........................................................................................................8

*Flemming v. Ronson Corp.*, 258 A.2d 153 (N.J. Super Ct. Law Div. 1969) ...............................6, 9

*Sachs v. Cluett, Peabody & Co.*, 265 A.D. 497 (N.Y.A.D. 1st Dep't 1944) ................................8, 9

*S.L.S.M.C., Inc. v. Bruce S. Brickman & Assocs., Inc.*, 277 A.D.2d 184
    (N.Y.A.D. 1st Dep't 2000)..........................................................................................................8

*Stafkings Health Care Sys., Inc. v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*,
    221 A.D.2d 908 (N.Y.A.D. 4th Dep't 1995) ..................................................................................7

*VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519 (N.J. 1994) ........................................................10

## FEDERAL STATUTES/RULES

Fed. R. Civ. P. 6(b)(1)(A) ................................................................................................................1

Fed. R. Civ. P. 6(b)(1)(B) ................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................................10

S.D.N.Y. Local Rule 6.1(b)(2).........................................................................................................1

S.D.N.Y. Elec. Case Filing Rule 3.3................................................................................................1

In her Opposition, Plaintiff withdraws her claim for breach of an implied-in-fact contract, conceding it lacks merit as a matter of law. *See* Opp. at 4. Plaintiff's claim for "Unjust Enrichment/Misappropriation of Idea" is equally meritless. Am. Compl. at 9. Indeed, her arguments opposing dismissal are nothing more than "labels and conclusions, and a formulaic recitation of the elements of [her] cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Consequently, her claims should be dismissed at this "point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (quotation omitted).

## I.     PLAINTIFF'S OPPOSITION IS UNTIMELY.

Under the parties' agreed briefing schedule, Plaintiff's Opposition to Defendants' Motion to Dismiss was due on or before June 20, 2008. *See* Docket No. 17; S.D.N.Y. Elec. Case Filing Rule 3.3 ("Electronic filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day."). Plaintiff, however, did not file the Opposition until June 21, 2008. *See* Docket Nos. 15, 17. She did not request additional time for this filing, *see* Fed. R. Civ. P. 6(b)(1)(A), nor has she moved to permit her untimely filing due to excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B).

Instead, in a June 23, 2008 letter to the Court, Plaintiff's counsel claims the untimely filing resulted from his "technical difficulties that evening [of the June 20, 2008 due date] with the scan component of the ECF filing." Docket No. 17. Counsel is not claiming the Court's ECF system malfunctioned, but rather that he did not know how to scan his Opposition for filing. In other words, despite having had 20 days to respond to Defendants' Motion to Dismiss – as compared with the usual 10, *see* S.D.N.Y. Local Rule 6.1(b)(2) – counsel waited until the eleventh hour to file Plaintiff's Opposition, but could not figure out how to do so. But, the Court's deadlines are not aspirational, and "[i]t is not excusable neglect to wait until the last

minute to file a time-sensitive motion, and then be[] prevented from doing so by technical difficulties." *In re Mayo*, No. 04-11106, 2007 WL 186534, at *1 (Bankr. D. Vt. Jan. 19, 2007) (citation omitted); *see also In re Johns Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (no excusable neglect where attorney inadvertence caused one day delay in filing); *Kmart Corp. v. Simmons*, 381 F.3d 709, 715 (7th Cir. 2004) (no excusable neglect where claim filed one day late because, *inter alia*, counsel left filing "until the proverbial 'eleventh hour'"); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366, 368 (2d Cir. 2003) (abuse of discretion to find excusable neglect where counsel unreasonably relied on opponent in filing of notice of appeal two days late). Consequently, Plaintiff's Opposition should not be considered.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR "UNJUST ENRICHMENT/ MISAPPROPRIATION OF IDEAS."

### A. Plaintiff's Alleged Idea Lacks Novelty as a Matter of Law.

Plaintiff acknowledges that "'the ultimate determination of whether an idea is novel is a question of law for the Court.'"[1] Opp. at 12 (quoting *Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 809 (D.N.J. 2000)). As such, "[n]ovelty is appropriately considered at this [motion to dismiss] stage." *Zikakis v. Staubach Retail Servs., Inc.*, No. 04-Civ.-9609(NRB), 2005 WL 2347852, at *3 n.3 (S.D.N.Y. Sept. 26, 2005) (citing *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *9 (S.D.N.Y. Nov. 3, 2004)).

Despite discussing novelty at length in her Opposition, *see* Opp. at 6-7, 12-17, Plaintiff does not dispute that she knew of Mars's "past promot[ions of] its M&M's® products with movie releases and DVDs," Am. Compl. ¶ 21, and that her "idea" was simply a proposal that Mars do the same for the DVD she was promoting. *Id.* ¶ 18 (Plaintiff's idea was "a cross-promotion of

---

[1] In the tort context, the "novelty" requirement means novelty "in absolute terms." *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 378 (2d Cir. 2000).

2

the two products (M&M's® candies and *Addams Family* DVD)"). Such negligible adaptations of existing ideas are not novel as a matter of law. *See Baer v. Chase*, 392 F.3d 609, 628 (3d Cir. 2004); *Zikakis*, 2005 WL 2347852, at *3; *Bergin v. Century 21 Real Estate Corp.*, No. 98 Civ. 8075(JGK), 2000 WL 223833, at *5 (S.D.N.Y. Feb. 25, 2000). As novelty goes, this case is analogous to *Khreativity Unlimited v. Mattel, Inc.*, in which the court held the plaintiff's idea for a cross-marketing venture to produce an "NBA Commemorative Doll" lacked novelty as a matter of law because the "idea was nothing more than a variation on concepts already employed by Mattel – dressing dolls in sports uniforms and, more specifically, dressing dolls in uniforms connected to a sporting event." 101 F. Supp. 2d 177, 185 (S.D.N.Y. 2000); *see also Bergin*, 2000 WL 223833, at *10 ("It is plain that the plaintiff's . . . idea is a mere variation on [defendant's] past campaigns and the idea therefore is not novel.").

Plaintiff responds that "[t]he mere fact that her idea embodied elements long in use does not preclude a finding of originality or novelty." Opp. at 16. This assertion, however, is far too broad. Plaintiff is correct that if one takes an existing idea and "substantially adds to it in some manner," a novelty determination is not precluded. *In re Elsinore Shore Assocs.*, 102 B.R. 958, 970 (Bankr. D.N.J. 1989); *see also Baut v. Pethick Constr. Co.*, 262 F. Supp. 350, 361 (M.D. Pa. 1966) (fact that plaintiff's original stained art glass design incorporated common religious symbols did not preclude novelty determination). Where, however, the idea is "not significantly different from, or is an obvious adaptation or combination of ideas in the public domain," it is not novel. *Baer*, 392 F.3d at 628 (quotation omitted); *see also AEB & Assocs. Design Group, Inc. v. Tonka Corp.*, 853 F. Supp. 724, 734 (S.D.N.Y. 1994) (toy design that did not materially differ from existing designs not novel as matter of law). Here, Plaintiff knew of Mars's "past promot[ions of] its M&M's® products with movie releases and DVDs," Am. Compl. ¶ 21, and

3

simply proposed that Mars do the same with the particular DVD she was promoting.[2]  *Id.* ¶ 18.  As a matter of law, such trivial adaptations of Mars's own ideas are not novel.  *See Khreativity Unlimited*, 101 F. Supp. 2d at 185; *Bergin*, 2000 WL 223833, at *10.

Equally fatal to her novelty claim, Plaintiff does not seriously dispute that (1) her alleged idea was generic (non-concrete), as she did not specify any medium, content, theme or message for her promotion (much less does she claim to have submitted a tangible representation of her idea of any kind), *see* Defs.' Memo. at 14-15; (2) her alleged idea was not submitted in confidence, *see infra* Section II.B; Defs.' Memo. at 15; and (3) her alleged idea is common, commercially available, and obvious because the notion of using M&M's® to promote a DVD is "existing material from common sources," Am. Compl. ¶ 22, and the *Addams Family*-Halloween association was well-established long before her submission to Mars, *see* Defs.' Memo. at 16-18.

Instead, Plaintiff offers the abstract assertion that the novelty factors are "fact-intensive," Opp. at 13, repeats her legal conclusion that her alleged idea was "novel and concrete," *id.* at 6,7 (quoting Am. Compl. ¶¶ 18, 22), and emphasizes her rote recitation of certain considerations bearing on novelty, *id.* at 7 (quoting Am. Compl. ¶ 22).  Legal conclusions, however, are not "well-pleaded allegations and will not defeat a motion to dismiss." *Berrian v. Pataki*, 510 F. Supp. 2d 348, 354 (S.D.N.Y. 2007).  Moreover, Plaintiff's legal conclusions are directly contracted by her well-pleaded factual allegations, which show her idea to be a negligible adaptation of ideas that Mars long had used.  Dismissal therefore is appropriate.  *See Twombly*, 127 S. Ct. at 1965 ("labels and conclusions, and a formulaic recitation of the elements of

---

[2] Although Plaintiff says she proposed using "M&M's® characters with *Addams Family* characters," Am. Compl. ¶ 22, she clarifies that these characters were to be used in "a cross-promotion of . . . M&M's® candies and [the] *Addams Family* DVD," *id.* ¶ 18.  This is materially identical to Mars's "past promot[ions of] its M&M's products with . . . DVDs," *id.* ¶ 21, which routinely incorporated characters from the DVD being promoted.

4

cause[s] of action" cannot defeat motion to dismiss); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (on motion to dismiss, "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint").

Plaintiff also lists questions "relevant to the novelty determination" that she proposes to ask during discovery. Opp. at 15-16. In truth, those questions largely do not concern novelty, which considers the characteristics of the plaintiff's idea (*i.e.*, was it specific or generic) and its relationship with existing ideas (*i.e.*, was it common, obvious, original, etc.). *See Duffy*, 123 F. Supp. 2d at 810. Instead, they focus primarily on whether Mars *used* Plaintiff's alleged idea in developing its dark chocolate M&M's® ads (the third *Flemming* requirement). *See, e.g.*, Opp. at 15 ("[W]hat evidence, if any, exists as to Defendants' alleged independent creation of [its] . . . advertisements?"). Regardless, Plaintiff's desire to pose these questions – among others, no doubt – is no substitute for well-pleaded factual allegations that, if proved, would show her idea was novel.

Although Plaintiff also cites several cases in arguing her alleged idea was novel, in none of them did the plaintiff claim such a negligible difference between the purportedly novel idea and those already in use by the defendant. *See* Defs.' Memo. at 13-14. Moreover, novelty was not an issue in *Wrench LLC v. Taco Bell Corp.*, which considered a claim for breach of implied-in-fact contract, not misappropriation, under Michigan law. 256 F.3d 446 (6th Cir. 2001). The Sixth Circuit held that Michigan, unlike New Jersey, does not require novelty to support a breach of implied-in-fact contract claim. *Id.* at 460-63. That holding has no bearing here. The court did discuss novelty in *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*, but its analysis was specific to the toys at issue in that case. The plaintiff had extensively developed and submitted several concrete toy ideas to the defendant, *see* 406 F. Supp. 2d 175, 179-80, 188-

89 (D. Conn. 2005), and there was a factual question as to whether those ideas were sufficiently similar to existing toys to preclude a novelty finding. *Id.* at 190-93; *see also Duffy v. Charles Schwab & Co.*, No. CIV.A. 98-4595(MLC), 2001 WL 1104689, at **6-7 (D.N.J. Sept. 4, 2001) (focusing on whether defendant used plaintiff's idea and concluding, based on "the state of the record," novelty and use findings were possible); *Riese v. QVC, Inc.*, No. CIV.A. 97-40068, 1999 WL 178545, at *3 (E.D. Pa. Mar. 30, 1999) (where QVC called plaintiff to its offices for an hour long meeting to discuss specific, written proposal, a copy of which he left with QVC (at QVC's request), jury could find idea was "a concrete, clearly definable program which was, in its totality, a novel and unique idea"). Those holdings – which are unique to the records therein – do not apply here because (1) New Jersey law requires novelty, *see Flemming v. Ronson Corp.*, 258 A.2d 153, 157 (N.J. Super Ct. Law Div. 1969); (2) Plaintiff knew of Mars's "past promot[ions of] its M&M's® products with movie releases and DVDs," Am. Compl. ¶ 21, and simply proposed that Mars do the same for the particular DVD she was promoting, *id.* ¶ 18; and (3) Plaintiff's idea – which was completely generic, non-confidential, common, commercially available, and obvious, *see* Defs.' Memo. at 14-18 – was presented to Mars in an unsolicited cold call, Am. Compl. ¶ 18.

### B. Plaintiff Cannot Show a Confidential Submission or a Fiduciary Relationship Between the Parties.

Plaintiff's arguments concerning the "fiduciary relationship" and "made in confidence" requirements for a misappropriation claim likewise lack merit. *See* Opp. at 18-20. <u>First</u>, Plaintiff does not meaningfully dispute that she submitted her alleged idea to Mars without taking the slightest measure to protect its confidentiality. *See* Defs.' Memo. at 15; *Flemming*, 258 A.2d at 156-57 (confidential submission required to state misappropriation claim). For example, she does not claim she requested a confidentiality agreement or otherwise attempted to

6

restrict the alleged idea's dissemination, much less that she required Mars to agree to such a restriction before disclosing the idea. *Cf. Trans World Techs., Inc. v. Raytheon Co.*, No. 06-5012 (RMB), 2007 WL 3243941, at *7 (D.N.J. Nov. 1, 2007) (plaintiff claimed its idea protected by non-disclosure agreement with defendants). Instead, she repeats the conclusory assertion that her idea was "'submitted in confidence.'" Opp. at 18 (quoting Am. Compl. ¶ 24). But, she does not plead any facts that, if proved, would support this claim. This conclusory statement cannot withstand a motion to dismiss. *See Twombly*, 127 S. Ct. at 1965.

Second, in attempting to show a "fiduciary relationship between the parties," *Duffy*, 123 F. Supp. 2d at 808 (quotation omitted), Plaintiff re-asserts the legal conclusion that such a relationship existed.[3] *See* Opp. at 8, 18 (claiming parties had "confidential or fiduciary relationship" (quoting Am. Compl. ¶¶ 24, 25)). Not only are legal conclusions insufficient to prevent dismissal, *Berrian*, 510 F. Supp. 2d at 354, but, as discussed, the undisputed, dispositive fact is that Plaintiff presented her purported idea to Mars in an unsolicited cold call. *See* Am. Compl. ¶ 18. As a matter of law, fiduciary duties do not flow from such an uninvited communication. *See* Opp. at 22-24; *Hogan v. DC Comics*, No. 96-CV-1749, 1997 WL 570871, at *5 (N.D.N.Y. Sept. 9, 1997) ("[T]he mere voluntary act of submitting an idea to one with whom the plaintiff has had no prior dealings will not make the disclosure one in confidence, even if stated to be so.") (citation omitted); *Stafkings Health Care Sys., Inc. v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*, 221 A.D.2d 908, 908 (N.Y.A.D. 4th Dep't 1995) ("Plaintiff's single unsolicited telephone inquiry to defendant is insufficient to create a special relationship between the parties.") (citation omitted); *see also Markogianis v. Burger King Corp.*, No. 95

---

[3] A contractual relationship also would suffice, *see Duffy*, 123 F. Supp. 2d at 808, but Plaintiff concedes she had no contract with Mars. Opp. at 4.

7

CIV. 4627(JFK), 1997 WL 167113, at *4 (S.D.N.Y. Apr. 8, 1997) (multiple communications concerning idea submitted at defendant's request did not create fiduciary relationship).[4]

Nor does Plaintiff allege that Mars ever *agreed*, expressly or implicitly, to enter into any relationship giving rise to fiduciary duties. A fiduciary relationship – and thus a misappropriation claim – therefore cannot exist. *See* Defs.' Memo. at 22. *Victor G. Reiling*, on which Plaintiff relies heavily, makes precisely this point, holding that the legal relationship required for a misappropriation claim exists "only where the recipient has accepted the confidential relationship . . . . Such a relationship may arise either explicitly by contract, or implicitly by the actions of the parties or other circumstances." 406 F. Supp. 2d at 194 n.28 (quotation omitted).

Plaintiff also repeats the amended complaint's conclusory allegations that: the parties did not deal on equal terms, she subjectively trusted and relied on Mars to protect her interests, she was not represented by counsel, and she previously had pitched a promotional idea to Mars. Opp. at 18 (quoting Am. Compl. ¶¶ 16, 24). Plaintiff draws these stock allegations from *Sachs v. Cluett, Peabody & Co.*, 265 A.D. 497, 500 (N.Y.A.D. 1st Dep't 1943). *Sachs*, however, refutes any claim that Plaintiff's unprompted submission to Mars created a fiduciary relationship:

> Broadly speaking, confidential relationship is synonymous with fiduciary relationship . . . . It exists between trustee and cestui que trust, guardian and ward, attorney and client, principal and agent or employer and employee and generally where the parties do not deal on equal terms and one trusts and relies on

---

[4] Although Plaintiff claims she previously pitched another idea to Mars, Am. Compl. ¶ 16, the fact that Mars previously rejected an unsolicited submission from Plaintiff does not mean the parties were fiduciaries when she subsequently made another such submission. *See Busker on The Roof Ltd. P'ship Co. v. Warrington*, 283 A.D.2d 376, 377 (N.Y.A.D. 1st Dep't 2001) (prior dealings between parties did not establish fiduciary relationship); *S.L.S.M.C., Inc. v. Bruce S. Brickman & Assocs., Inc.*, 277 A.D.2d 184, 185 (N.Y.A.D. 1st Dep't 2000) (plaintiff's "allegations of prior dealings . . . do not show that defendants owed plaintiff fiduciary duties with respect to the instant transaction").

>   the other. ***Parties dealing at arm's length, each seeking for himself the best advantage to be derived from a transaction, are not in confidential relationship.***

*Id.* at 500 (emphasis added); *see also Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 437-38 (D.N.J. 1998) (in New Jersey, no fiduciary duties based on arm's length transaction). Plaintiff's recitation of the *Sachs* factors does not change the fact that her unsolicited submission to Mars, without any precautions to preserve confidentiality, epitomizes a dealing at arm's length from which no fiduciary duties flowed.[5] *See, e.g.*, *Hogan*, 1997 WL 570871, at *5.

>   **C.    Mars Did Not Use Plaintiff's Alleged Idea.**

Equally dispositive of Plaintiff's misappropriation claim is that Mars did not use her alleged idea. *See Flemming*, 258 A.2d at 157 (plaintiff must show "the idea . . . was adopted and made use of"). Indeed, Plaintiff's argument that New Jersey broadly construes the concept of "use," Opp. at 21, misses the point. Certainly, had Plaintiff proposed a novel promotional idea, and had Mars based its ads on that idea, the "use" requirement would be satisfied. But those are not Plaintiff's well-pleaded allegations. Instead, she claims to have proposed a Halloween "cross promotion of . . . M&M's® candies and *Addams Family* DVD" that somehow involved her clients and animated M&M's® characters. Am. Compl. ¶¶ 10-12, 17-19. Mars's dark chocolate M&M's® ads, by contrast, allegedly "featured M&M's® chocolate candy animated characters

---

[5] As such, this case is nothing like *McGhan v. Ebersol*, in which the parties had an extensive course of dealing that could have created fiduciary duties. 608 F. Supp. 277, 280-82 (S.D.N.Y. 1985). The parties in *Victor G. Reiling* had a similar course of dealing (during which they executed an option agreement for the plaintiff's idea) from which a confidential relationship could be inferred. 406 F. Supp. 2d at 179-80, 195. And, in *Trans World Techs.*, the plaintiff claimed a confidential relationship based on its non-disclosure agreements with the defendants. 2007 WL 3243941, at *7. Here, by contrast, Plaintiff submitted her alleged idea in an unsolicited cold call, Am. Compl. ¶ 18, and has abandoned her claim that the parties had an enforceable agreement of any kind. Opp. at 4. Further, Plaintiff misreads *Victor G. Reiling* in claiming the court reached its holding despite an express disclaimer of such a relationship. Opp. at 20. Rather, the court held that the plaintiff did not sign that disclaimer, and that it was unclear whether the plaintiff could be bound thereto under agency principles. 406 F. Supp. 2d at 194. If the disclaimer had been valid, the plaintiff's misappropriation claim would not have survived.

transmogrified to resemble the cast of . . . *The Addams Family*, and featured the famous *Addams Family* theme song, complete with finger snaps." *Id.* ¶ 30. Plaintiff does not allege that Mars promoted the *Addams Family* DVD, retained her clients, or undertook any M&M's®-*Addams Family* DVD cross-promotion, nor does she claim to have proposed using the theme song. This does not constitute the "use" of Plaintiff's alleged idea under any definition. Nor can Plaintiff avoid dismissal by expanding her idea for "a cross-promotion of . . . M&M's® candies and *Addams Family* DVD," *id.* ¶ 18, beyond the allegations in her amended complaint to include every promotion involving M&M's®, which are proprietary to Mars, and the *Addams Family* characters or song, to which Plaintiff lacks any legal rights (and which Mars licensed from their lawful owners). *Id.* ¶¶ 14, 32, 33.

### D. Plaintiff Cannot Show Mars's Retention of Any Benefit Would Be "Unjust."

Finally, Plaintiff does not dispute that, because Mars paid a substantial licensing fee to the Tee and Charles Addams Foundation and Vic Mizzy for the rights to the *Addams Family* characters and theme song, and hired New York advertising agency BBDO to produce its ads, equity does not require a second payment for these benefits. Am. Compl. ¶¶ 31-33. Accordingly, Plaintiff's unjust enrichment claim should be dismissed. *See VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994) (plaintiff must show Mars's "retention of [her] alleged idea] without payment would be unjust") (citations omitted).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 2nd day of July, 2008, I caused true and correct copies of Defendants' Reply in Support of Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) to be served electronically via the Court's ECF system on the following counsel:

Kevin Thomas Mulhearn
Kevin T. Mulhearn, P.C.
60 Dutch Hill Road
Suite 8
Orangeburg, NY 10962
(845) 398-0361
(845) 398-3836
Email: kmulhearn@ktmlaw.net

*Attorney for Plaintiff*

                                                _____/s/_____
                                                  Katherine G. Lindsey (KL-0902)