UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BONNIE VENT, d/b/a GENESIS CREATIONS,   )
                                        )
                        Plaintiff,      ) Civil Action No. 7:08-cv-02538-SCR
                                        )
            v.                          ) (ECF)
                                        )
MARS SNACKFOOD US, LLC, and             )
MARS, INCORPORATED,                     ) **RULE 26(f) REPORT OF PARTIES**
                                        )
                        Defendants.     )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Federal Rule of Civil Procedure 26(f), the parties hereby submit this report for consideration by the Court, following a telephone conference by counsel for the parties on June 23, 2008.

**NATURE AND BASIS OF THE PARTIES' CLAIMS AND DEFENSES**

1. This case concerns Plaintiff's allegations that she submitted a promotional idea to Defendants, and that Defendants used that idea without compensating her. In her amended complaint, Plaintiff asserts claims for breach of an implied-in-fact contract and "unjust enrichment/misappropriation of idea," although she has withdrawn the implied-in-fact contract claim.

2. Defendants deny Plaintiffs' allegations of wrongdoing and dispute her remaining claim. Defendants contend that Plaintiff's alleged idea was neither novel nor submitted in confidence, and that at all events they did not use the idea. Defendants also dispute that (a) the parties had a fiduciary relationship (as is necessary to state a claim for misappropriation); and (b) their alleged retention of Plaintiff's idea was "without payment" or "unjust" (as required for unjust enrichment). Defendants have moved to dismiss Plaintiff's remaining claim on these bases.

**SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED**

3. Plaintiff intends to take discovery relating to, among other things: (a) the nature, and sum and substance, of Plaintiff's submission of her idea to Defendants; (b) the nature of the relationship between Plaintiff and Defendants' agent and employee, Claire O'Donnell; (c) whether Ms. O'Donnell understood that Plaintiff's idea was tendered to her in confidence and/or pursuant to a confidential and/or fiduciary relationship; (d) the standard amount, or remuneration formula, which Defendants pay to individuals who submit marketing ideas which they use and/or adopt; (e) the amount of revenue generated by Defendants for or with respect to The Addams Family/M&M's® characters commercials and/or advertisements; (f) the marketing strategies used by Defendants for said commercials and/or advertisements; (g) the extent of independent creation, if any, with respect to The Addams Family/ M&M's® characters advertisements and/or commercials; (h) the production of said advertisements and/or commercials; and (i) the extent of all communications between Claire O'Donnell and any other employees or agents of Defendants with respect to Plaintiff's submitted idea. Depending on the specific requests posed, Defendants may dispute the scope of Plaintiff's proposed discovery.

4. To the extent discovery is required, Defendants intend to take discovery relating to, among other things: (a) the nature and development of Plaintiff's alleged idea; (b) whether Plaintiff's alleged idea was novel; (c) whether Plaintiff took any measures to protect the confidentiality of her alleged idea; (d) whether Plaintiff's allegations of a confidential or fiduciary relationship between the parties have any factual basis; and (e) whether Plaintiff was damaged. Depending on the specific requests posed, Plaintiff may dispute the scope of Defendants' proposed discovery.

**CHANGES TO THE TIMING OF, FORM OF,
REQUIREMENTS OF, OR LIMITATIONS ON DISCOVERY**

5. At this time, the parties propose no changes to the Civil Rules or Local Rules regarding discovery, with the following exception: The parties agree that each side shall be permitted up to six (6) depositions.

6. To protect privileged, confidential or sensitive commercial, financial, business or personal information, the parties have agreed to execute and submit for the Court's approval a protective order.

7. In serving requests for production of documents under Federal Rule of Civil Procedure 34, the parties may request the form or forms in which electronically stored documents are to be produced. The parties propose that, wherever possible, all electronically stored documents be requested and produced in .tif or .pdf format.

**PROPOSED SCHEDULING ORDER**

8. The parties shall exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than July 7, 2008.

9. The parties agree that discovery shall commence, if at all, upon the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. In exchange for Plaintiff's agreement to this provision, Defendants have agreed to the schedule proposed in paragraph 10, *infra*.

10. The parties agree that all fact discovery shall be completed within four (4) months of the commencement of discovery, and that all expert discovery shall be completed within two (2) months of the completion of fact discovery.

11. The parties further agree on the following interim deadlines: (a) that all additional parties shall be joined pursuant to Federal Rule of Civil Procedure 19, and pleadings

amended pursuant to Rule 15, no later than one (1) month following the commencement of discovery; (b) for the party with the burden on the issue, that identification of experts and disclosures of their expert testimony conforming to the requirements of Rule 26(a)(2)(B) shall occur simultaneously with the close of fact discovery; (c) that identification of rebuttal experts and disclosure of their expert testimony conforming to the requirements of Rule 26(a)(2)(B) shall take place no later than one (1) month following the identification of experts and disclosures of expert testimony; (d) that any motion for summary judgment shall be served no later than two (2) months following the close of expert discovery, with opposition thereto served within twenty-one (21) days, and any reply served within fourteen (14) days; and (e) that the Joint Pretrial Order shall be filed no later than two (2) months following service of any summary judgment reply.

Respectfully submitted,                                                          Dated: July 7, 2008

KEVIN T. MULHEARN, P.C.                          WILLIAMS & CONNOLLY LLP

By:_____/s/_____              By:_____/s/_____
    Kevin T. Mulhearn                                                R. Hackney Wiegmann
                                                                     Kenneth J. Brown
60 Dutch Hill Road                                                   Katherine G. Lindsey
Suite 8
Orangeburg, NY 10962                             725 Twelfth Street, N.W.
(845) 398-0361                                   Washington, D.C. 20005
(845) 398-3836                                   (202) 434-5000

*Counsel for Plaintiff Bonnie Vent*              *Counsel for Defendants Mars Snackfood US, LLC and Mars, Incorporated*